UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS VON BIALY,<br><br>    Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL,<br><br>    Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Nicholas Von Bialy, by and through his attorney, Christi Wallace, Esquire, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12203 (2009).  Plaintiff's wife had a disability under the ADA and Plaintiff was fired after he told Defendant about his wife's disability.  Plaintiff was terminated because of his wife's disability in violation of 42 U.S.C. §12112(b)(4).

### II. Jurisdiction and Venue

2. This action arises under the ADA, 42 U.S.C. §§12101-12203.  This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff, Nicholas Von Bialy ("Plaintiff"), is an adult individual residing at 96 Brian Drive, Beaver, PA 15009 of Allegheny County, Commonwealth of Pennsylvania.

6. Defendant, Chipotle Mexican Grill ("Defendant"), is a business with a location at 20024 Route 19, Cranberry Township, PA 16066 of Allegheny County, Commonwealth of Pennsylvania.

### IV. Facts

7. Plaintiff became employed with Defendant in October 2013.

8. Plaintiff held the position of General Manager.

9. Plaintiff's wife was diagnosed with POTS Syndrome in January 2015.

   a. On January 16, 2015, Plaintiff's wife was attending a work function at Rivers Casino and collapsed. She was rushed to the Emergency Room at Allegheny General Hospital where she was put in the ICU because she stopped breathing. It was on January 16, 2015 that Plaintiff learned of his wife's disability.

10. On January 16, 2015, Plaintiff contacted his Supervisor, Eric Dicenzo (Mr. Dicenzo), and told him of his wife's disability.

   a. Plaintiff used his accrued sick leave and received a paid week off from January 19, 2015 through January 23, 2015.

11. On January 23, 2015, upon Plaintiff's return, he had a meeting with Mr. Dicenzo.

    a. During that meeting, Plaintiff and Mr. Dicenzo discussed the business at the Defendant's Cranberry, PA location.

    b. They also discussed Plaintiff's wife's condition.

        i. Mr. Dicenzo said, "How's your wife doing?"

        ii. Plaintiff said, "I'm probably going to have to take some more time off. I've been in touch with everyone at the restaurant. I'm going to have to take care of my family."

        iii. Mr. Dicenzo said, "Then we're going to have to let you go."

12. Plaintiff was terminated on January 24, 2015 after he told Defendant of his wife's disability.

## V. Allegations

### Count I
### Discrimination in Violation of the Americans with ADA

13. The preceding paragraphs are incorporated herein as if set forth at length.

14. Plaintiff was fully qualified to perform all aspects of his job.

15. Plaintiff's wife has a "disability" as defined under the ADA, 42 U.S.C. §12102.

16. Plaintiff's wife was diagnosed in January of 2015.

17. Plaintiff informed the Defendant of his wife's disability on January 16, 2015.

18. Defendant terminated Plaintiff in violation of 42 U.S.C. §12112(b)(4) which prohibits excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

19. Defendant terminated Plaintiff because of his relationship to his wife and her known disability.

20. The Defendant has violated the ADA in the following ways:

   a. Eight days after becoming aware of Plaintiff's wife's disability, Plaintiff was unjustly terminated.

      i. Plaintiff was one of the top performing Managers in the region. Plaintiff had no write-ups or disciplinary records.

      ii. Defendant had no cause to terminate Plaintiff.

      iii. Defendant only terminated Plaintiff because of his association with his wife's disability. Defendant knew Plaintiff would require time off because of his wife's disability and they didn't want to deal with that so they terminated him instead.

   b. Defendant refused to engage in the interactive process of accommodation.

      i. On January 23, 2015, Plaintiff asked for time off because of his wife's disability. Mr. Dicenzo said, "Then we're going to have to let you go."

      ii. At no time was it discussed how or whether Plaintiff could be accommodated.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

   a. Loss of wages in excess of $43,000;

   b. Loss of future wages in excess of $50,000;

   c. Additional punitive damages in excess of $75,000;

d. Plaintiff's legal fees in excess of $25,000;

e. Pre-judgment and continuing interest;

f. Court costs; and

g. Other such relief as the Court may deem just and proper.

Respectfully submitted,

*Christi Wallace*

Christi Wallace, Esq.
Kraemer, Manes and Associates, LLC
U.S. Steel Tower
600 Grant Street, Suite 660
Pittsburgh, PA 15219